UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN P. RODMAN | CIVIL ACTION |
| VERSUS | NO. 09-3395 |
| EDDIE RESTIVO | SECTION "K"(2) |

## ORDER AND OPINION

Before the Court is the motion for partial summary judgment filed on behalf of plaintiff John P. Rodman (Doc. 50). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the motion.

With this motion plaintiff John P. Rodman seeks an order stating that defendant Eddie Restivo is responsible for all the remaining payments due to Hanger Prosthetics & Orthotics, Inc. ("Hanger") pursuant to the "Mutual Release and Settlement Agreement" executed by Hanger, Limbcare Prosthetics & Orthotics, LLC, Limbcare Management Company, LLC, John P. Rodman, Sr., Edmond Restivo, and Cynthia Restivo, and that John P. Rodman has paid his virile share of the solidary obligation owed under the "Mutual Release and Settlement Agreement." Additionally, plaintiff seeks an order dissolving Limbcare Prosthetics and Orthotics, L.L.C. and appointing an expert accountant to conduct a full accounting of the limited liability company. In his "Reply Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment" (Doc. 56), Mr. Rodman represented that the parties have now agreed to dissolve and liquidate Limbcare Prosthetics and Orthotics, L.L.C. and have also agreed to have an accounting of that LLC performed. Therefore, plaintiff's motion is denied as moot to the extent that it sought any order relative to Limbcare Prosthetics and Orthotics, L.L.C.

The Court denies the remainder of the motion on the merits. It is undisputed that John

Rodman is a solidary obligor with respect to the $450,000.00 payment due to Hanger under the "Mutual Release and Settlement Agreement." It is also undisputed that the entire $450,000.00 due to Hanger has not yet been paid. Article 1804 of the Louisiana Civil Codes provides in pertinent part that "[a] solidary obligor who has rendered the whole performance, though subrogated to the right of the obligee, may claim from the other obligors no more than the virile portion of each." "Thus a solidary obligor who extinguishes the debt is generally entitled to a right of contribution against his co-debtor in the amount of the co-debtor's virile portion." *Conticarriers & Terminals, Inc. v. Delta Bulk Terminal*, 807 F.Supp. 1252, 1254 (M.D. La. 1992).

The debt owed to Hanger under the "Mutual Release and Settlement Agreement" has not yet been extinguished; $100,000.00 remains to be paid on that debt. Regardless of the amount of the past payments made by Mr. Rodman, he remains a solidary obligor for the balance of the debt owed to Hanger. Until the debt to Hanger is extinguished, it would be premature to hold that Mr. Rodman is not responsible for any future payment due under the "Mutual Release and Settlement Agreement." Accordingly, the motion is Denied.[1]

New Orleans, Louisiana, this 5th day of January, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that plaintiff's motion seeks an order concerning the total amount of the payment made by Mr. Rodman from his personal funds, the Court notes that plaintiff failed to clearly articulate that issue. Moreover, plaintiff has not submitted sufficient evidence to obtain summary judgment on that issue.